UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEAN P. OLVANY, Plaintiff | : | **CIVIL NO. 4:10-CV-2087** |
| v. | : | (Judge Conner) |
| DOUGLAS H. SHULMAN, COMMISSIONER INTERNAL REVENUE SERVICE; ANGELA ARGEUTA; and UNKNOWN PARTIES; Defendants | : | (Magistrate Judge Smyser) |

**REPORT AND RECOMMENDATION**

**Background and Procedural History**.

The *pro se* plaintiff, Dean P. Olvany, filed a civil action on October 7, 2010. The defendant named in the initial complaint is Douglas H. Shulman, the Commissioner of the United States Internal Revenue Service. The *pro se* plaintiff pleads in his initial complaint that the jurisdictional basis for the civil action is diversity of citizenship. The plaintiff is a Pennsylvania resident. The cause of action is stated to be the common law tort of trespass on the case.[1] The initial

1. “Trespass on the case” is “the form of action, at common law, (continued...)

complaint also alleges that rights of the plaintiff arising from the United States Constitution and from the Pennsylvania Constitution have been violated.

The complaint alleges that the Internal Revenue Service ("IRS") unlawfully placed liens against property of the plaintiff and unlawfully took property of the plaintiff through tax assessments and administrative levies.

A motion (Doc. 3) to dismiss the initial complaint was filed by the United States of America. A brief (Doc. 4) in support of the motion was filed. The United States contended in the Rule 12(b)(6) motion that the complaint fails to state a claim upon which relief can be granted in that the United States has not waived sovereign immunity for the purpose of a claim such as this claim and that accordingly there is not

---

1. (...continued)
adapted to the recovery of damages for some injury resulting to a party from the wrongful act of another, unaccompanied by direct or immediate force, or which is the indirect or secondary consequence of defendant's act. Such action is the ancestor of the present day action for negligence where problems of legal and factual cause arise. *Mueller v. Brunn,* 105 Wis.2d 171, 313 N.W.2d 790, 794. Commonly called, by abbreviation, 'Case.'" Black's Law Dictionary 1503 (6th ed. 1990).

subject matter jurisdiction of a United States court to adjudicate a claim of this nature.

The plaintiff filed a brief (Doc. 7) in opposition to the motion of the defendant to dismiss the complaint. He filed also a document titled "Amended Defendants" (Doc. 8), which we construe as an amended complaint, and a motion (Doc. 9) to compel disclosure and discovery.[2] The defendant filed a motion (Doc. 11) to dismiss the amended complaint and a brief (Doc. 12). The plaintiff filed a brief (Doc. 14) in opposition. The United States filed a reply brief. (Doc. 15). This Report and Recommendation addresses the amended complaint and the motion to dismiss the amended complaint.

**Nature of Claim**.

The amended complaint names IRS Officer Angela R. Arguenta as an additional defendant as well as "unknown"

2. The motion relating to discovery was denied (Order of February 4, 2011)(Doc. 10), because there was no contention of a failure to make discovery.

additional defendants. The amended complaint cites 42 U.S.C. § 1983 as the basis for the plaintiff's claim.

Given a 42 U.S.C. 1983 claim, which is a claim brought under a federal statute and is accordingly a claim involving a federal question, the jurisdictional basis is 28 U.S.C. § 1331. A 42 U.S.C. § 1983 claim is not appropriately brought against a person acting under color of federal (not state) law. We will consider whether the plaintiff can state a *Bivens*[3] claim upon which relief can be granted, and we will analyze the case as such along with other possible constructions of it in the course of considering the United States' motion to dismiss it.[4] The amended complaint asks the court to order the defendants to return all property and money seized from the plaintiff.

3. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

4. However, as set forth below, it is made clear under federal law that individual IRS employees acting in their roles as such may not be made the defendants in a suit for the return of money or property.

**Motion to Dismiss and Pleadings Standards**.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Some claims will demand relatively more factual detail to satisfy this standard, while others require less." *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

**The Defendants' Contentions.**

The defendants argue that the plaintiff's amended complaint should be dismissed as to defendant IRS employee Angela Argueto in her individual capacity since she was acting in her official capacity in the incidents that are the subject matter of the amended complaint. The amended complaint, the United States argues, should be dismissed as to it because there has been no waiver of sovereign immunity as to claims such as the plaintiff is making. It is argued also that the Commissioner of the IRS is not a proper defendant and that the United States is the only proper defendant. It is argued that the court lacks subject matter jurisdiction and that the complaint should be dismissed. It is argued also that the plaintiff did not properly serve the United States.

**Discussion.**

The defendants' first argument is that the Commissioner of the IRS may not be made the defendant in a taxpayer's claim to have returned to him money and property that had been taken by the IRS from the taxpayer in collection of unpaid federal

taxes. The United States, not the Commissioner, is the proper and the only proper defendant, it is asserted.

The defendants' argument is correct. 26 U.S.C. § 7433(a) provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

None of the individuals named as defendants by the plaintiff is correctly continued forward as a defendant in this civil action. A *Bivens* action against individual IRS officers and employees is not available to the plaintiff here. The amended complaint must accordingly be dismissed as to all named defendants and the United States inserted as the only defendant.

The United States next asserts that it has not waived its sovereign immunity from suit in a matter such as the plaintiff is presenting here. It argues that, accordingly, the court does not have subject matter jurisdiction and that therefore the amended complaint must be dismissed.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541 (1986). The court has an obligation to satisfy itself that it has subject-matter jurisdiction. *Nesbit v. Gears Unlimited, Inc.,* 347 F.3d 72, 77-78 (3d Cir. 2003). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Fed.R.Civ.P. 12(h)(3).*

The court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The plaintiff, as already noted, fails in his “trespass on the case” reference and in his characterization of his amended complaint as a claim in the nature of a claim that a person acting under color of law violated his federally protected rights to state a claim of a violation of federal law upon which relief can be granted against an individual defendant. The case must proceed, if at all, against the United States.

The sovereign immunity of the United States is the starting point. The United States may not be subjected to suit or to liability except when it has consented to be subject to suit or to liability and, as the United States’ Memorandum correctly states, a waiver of the sovereign immunity of the United States must be explicitly and unequivocally expressed in an Act of Congress. *See* Doc. 12, page 6. So, the proponent of the proposition that the sovereign immunity of the United States has been waived as to a particular cause of action bears the burden to show such a waiver.

In that the plaintiff has not grounded the claim(s) that he is pursuing against the United States here in any Act of Congress, he has not shown any qualifying explicit applicable waiver of immunity. The United States' immunity is waived as to certain statutory civil actions by taxpayers seeking refunds and other remedies based upon taxation, such as a 26 U.S.C. § 7422(a) refund suit. There are conditions to such an action. The plaintiff does not state that his claim is under that section and does not plead that he has satisfied the conditions for such a cause of action.

This is not a tort action against the United States that is within the scope of tort actions against the United States as to which the sovereign immunity of the United States has been waived. 28 U.S.C. § 2680(c) provides that the statutory waiver of immunity for tort claims against the United States does not apply to "[a]ny claim arising in respect of the assessment of collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . ." There is an exception to that statutory

provision excepting claims such as the plaintiff's here from the United States' tort claims waiver of its sovereign immunity. The exception involves loss or destruction of the property in the government's possession. That exception is not invoked by the plaintiff.

The plaintiff has brought suit against the United States to challenge the government's taking of his property through tax assessments, IRS administrative levies and the filing of liens. The claims are not within the United States' waiver of immunity for purposes of tort claims. The United States asserts further that, while certain causes of action involving taxation are established by statutes constituting waivers of immunity (*see* 26 U.S.C. §§ 7432, 7433) the plaintiff does not invoke either of these statutory grounds. If he did, he would not have an actionable claim under the facts that he pleads because he did not exhaust administrative remedies. In his brief (Doc. 14) in opposition to the motion to dismiss, the plaintiff states that these sections may be the sections under which he would proceed if he had received a "verified tax assessment." He argues that he did not have the opportunity to

exhaust meaningful administrative remedies because he did not receive a verified tax assessment. The plaintiff did not bring an action under either of these sections. Assuming *arguendo* that he did not have from the government an adequate statement of the government's basis for determining tax liabilities of the plaintiff[5] to be unpaid and collectible through liens or other collection actions, there is no apparent reason for the plaintiff not to have presented those very claims (of an inadequate statement of the basis for tax liability) to the IRS under the administrative remedial procedures of that agency, 26 C.F.R. § 301.7433-1(e). He does not aver that he did so, and he does not allege that he is bringing a 26 U.S.C. § 7432 or § 7433 claim.

His argument that he needed to have the government's statement of the basis for the tax assessment is not persuasive. He does not show any basis for his tacit position

---

5. The plaintiff in his amended complaint (Doc. 8) does acknowledge that the IRS has made a sum specific demand of $17,556.59. *Id.* at ¶10. The plaintiff characterizes this demand as "unverified and ridiculous." The plaintiff can not, however, seek to have this court become involved in tax calculation issues without having exhausted the administrative remedies that the IRS provides.

that he was foreclosed from a due and proper remedy on that basis.

The plaintiff's claims of improper liens and levies, construed as a declaratory judgment action, 28 U.S.C. § 2201, is nevertheless not within the scope of actions against the United States as to which the United States has waived sovereign immunity, because § 2201(a) excepts cases "with respect to Federal taxes."[6]

The plaintiff throughout his arguments repeats his claim that he has not been provided with a verified tax assessment. He appears to allege that IRS agents were acting improperly. But he never shows or tries to show that his is not an actionable 26 U.S.C. § 7432 and/or § 7433 claim if he has exhausted administrative remedies without prevailing or why he can not raise his claims of lack of proper notice of assessment(s) and/or *ultra vires* conduct of IRS employees

6. There are exceptions, but none is applicable here.

through an administrative remedies claim. His remedy, if any, in any event is one against the United States.

We do not address herein the issue of proper service upon the United States (pursuant to Rule 4(i) of the Federal Rules of Civil Procedure) because the complaint plainly fails to state a claim upon which relief can be granted.

**Recommendation.**

It is recommended that the caption be amended to *Dean P. Olvany v. United States of America* and that the motion of the United States to dismiss the amended complaint be granted.

***/s/ J. Andrew Smyser***
J. Andrew Smyser
Magistrate Judge

Dated: May 10, 2011.